# IN THE CIRCUIT COURT FOR FREDERICK COUNTY, MARYLAND

| | |
|---|---|
| Edith Aracely Medrano Reyes<br>5511 Oberlin Place<br>Frederick, MD 21703<br><br>          Plaintiff,<br><br>v.<br><br>Todd McKeone<br>6956 Beechwood Road<br>Harrisburg, Pennsylvania 17112<br><br>and<br><br>Johnston Construction Company<br>4331 Fox Run Road<br>Dover, Pennsylvania 17315<br>SERVE:   George K. Johnston, President<br>               4331 Fox Run Road<br>               Dover, Pennsylvania 17315<br><br>          Defendants | C-10-CV-22-000457<br><br>Case Number |

## COMPLAINT

The Plaintiff Edith Aracely Medrano Reyes ("Plaintiff Reyes"), by and through her attorney Jeffrey Fenster and the Law Office of Jeffrey Fenster, L.L.C., hereby sues and demands judgment, jointly and severally, against Defendants Todd McKeone ("Defendant McKeone") and Johnston Construction Company ("Defendant Johnston"), and as grounds therefore state that:

## PARTIES & JURISDICTION

1. At all times relevant hereto, Plaintiff was a resident of Frederick County, Maryland.

2. The Defendant McKeone is a resident of the Commonwealth of Pennsylvania.

3. The Defendant Johnston is a corporation domiciled in the Commonwealth of Pennsylvania which is engaged in business activity the State of Maryland, including in the City of Frederick, Maryland.

4. Venue is proper in this jurisdiction as the Collision complained of herein took place in Frederick, Maryland

## STATEMENT OF FACTS

Plaintiff adopts and incorporates herein the allegations contained in the foregoing paragraphs of this Complaint, and further alleges that:

5. On September 10, 2019, at approximately 5:43 a.m., the Plaintiff Reyes was lawfully operating her 2011 Toyota Corolla, Maryland tag IAH2907 ("Plaintiff's Vehicle") in the right of two lanes on northbound Buckeystown Pike (Route 85) approaching its entrance ramp to southbound Interstate 270 in Frederick, Maryland ("the Intersection").

6. At the same time and place, the Defendant McKeone was operating a 2006 Ford Pickup Truck, Pennsylvania tag ZDF0425 owned by Defendant Johnston ("Defendant's Vehicle"), on southbound on Buckeystown Pike (Route 85) approaching the approaching the Intersection.

7. As Plaintiff Reyes lawfully entered the Intersection on green traffic signal, the Defendant McKeone suddenly and without adequate attempted to execute an unsafe left turn onto the entrance ramp of southbound Interstate 270, thereby causing the front of Defendant's Vehicle to strike the driver's door of Plaintiff's Vehicle at a high rate of speed and with great force ("Collision").

8. At all times relevant hereto, the Defendant McKeone owed the Plaintiff Reyes the following duties: to pay full time and attention to his driving and to traffic conditions around him, to obey all traffic control devices, to control his speed to avoid a collision, to maintain a safe and proper distance between Defendant's Vehicle and the Plaintiff's

Vehicle, to refrain from executing or attempting to execute an unsafe left turn into oncoming traffic, to obey all traffic control devices governing his lane of roadway travel, to yield the right-of-way to vehicles lawfully in the roadway, to use that degree of caution and attention which a person of ordinary skill and judgment would use under similar circumstances, to refrain from actively using a non-hands-free mobile or other communications device while operating Defendant's Vehicle, to obey the motor vehicle laws, rules and regulations of the State of Maryland then and there in effect, and to refrain from negligent driving.

9. The Defendant McKeone breached each of the aforesaid duties he owed to the Plaintiff Reyes, as well as other general duties of care, and each breach was a direct and proximate cause of the Collision.

## COUNT ONE
### (Negligence – Defendant McKeone)

Plaintiff adopts and incorporates herein the allegations contained in the foregoing paragraphs of this Complaint, and further alleges that:

10. As a direct, sole, and proximate result of the Defendant McKeone's aforesaid negligence, and without any negligence on the part of Plaintiff Reyes contributing thereto, Plaintiff Reyes has suffered, and will in the future continue to suffer, serious and permanent physical injuries and attendant pain, suffering and inconvenience, and was forced and will be forced in the future to incur medical expenses, lost wages, property damages, personal property loss and damage, diminution of value of Plaintiff's Vehicle, towing expenses, rental expenses and other incidental expenses.

WHEREFORE, the Plaintiff Edith Aracely Medrano Reyes demands judgment in

her favor against Defendant Todd McKeone in an amount exceeding Seventy-Five Thousand Dollars ($ 75,000.00), plus post-judgment interest, the costs of this action and such other and further relief as this Court deems appropriate.

## COUNT TWO
### (Agency–*Respondeat Superior*–Defendant Johnston)

Plaintiff adopts and incorporates herein the allegations contained in the foregoing paragraphs of this Complaint, and further alleges that:

11. At all times relevant hereto, Defendant McKeone was operating Defendant's Vehicle in his capacity as an agent, servant and/or employee of the Defendant Johnston.

12. At all times relevant hereto, the Defendant McKeone was operating Defendant's Vehicle as Defendant Johnston' agent, servant and/or employee, within the scope of said employment or agency, on an errand on Defendant Johnston's behalf and/or direction, and/or in furtherance of Defendant Johnston's business interests.

13. As a direct, sole, and proximate result of the Defendant McKeone's aforesaid negligence in causing the Collision, and without any negligence on the part of Plaintiff Reyes contributing thereto, Plaintiff Reyes has suffered, and will in the future continue to suffer, serious and permanent physical injuries and attendant pain, suffering and inconvenience, and was forced and will be forced in the future to incur medical expenses, lost wages, property damages, towing expenses, rental expenses and other incidental expenses.

14. The Defendant Johnston is liable for all negligent acts, as alleged herein, of Defendant McKeone as its agent, servant and employee at the time of the Collision.

WHEREFORE, the Plaintiff Edith Aracely Medrano Reyes demands judgment in his favor against Defendant Johnston Construction Company for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00) plus post-judgment interest, the costs of this action and such other and further relief as this Court deems appropriate.

## COUNT THREE
### (Negligent Entrustment–Defendant Johnston)

Plaintiff adopts and incorporates herein the allegations contained in the foregoing paragraphs of this Complaint, and further alleges that:

15. At all times relevant hereto, Defendant McKeone was operating Defendant's Vehicle with the express knowledge and consent of the Defendant Johnston, as its agent, servant and/or employee, within the scope of said employment or agency, and in furtherance of Defendant Johnston's personal and/or business interests.

16. At all times relevant hereto, the Defendant Johnston owed Plaintiff Reyes a duty to exercise due care in the entrustment of Defendant's Vehicle and to make reasonable inquiry of the Defendant McKeone's fitness to operate Defendant's Vehicle, so as to deny possession of Defendant's Vehicle to those lacking legal permission to operate it and to those whom would otherwise reasonably be expected to operate it in a dangerous or negligent manner.

17. At all times relevant hereto, the Defendant Johnston gave possession of Defendant's Vehicle to Defendant McKeone despite its actual or constructive knowledge, through its principals, supervisors, agents, servants and/or employees, that Defendant McKeone was impaired and/or otherwise unqualified, was medically or psychologically unfit; was under the influence of any alcohol, medication and/or

other controlled and dangerous substances that rendered him unfit; or was otherwise unfit to operate Defendant's Vehicle at the time of the Collision.

18. As a direct and proximate result of Defendant Johnston's negligent entrustment, as described herein, and without any negligence on the part of Plaintiff Reyes contributing thereto, said Plaintiff has suffered, and will in the future continue to suffer, serious and permanent physical injuries and attendant pain, suffering and inconvenience, and was forced and will be forced in the future to incur medical expenses, lost wages, property damages, towing expenses, rental expenses and other incidental expenses.

WHEREFORE, the Plaintiff Edith Aracely Medrano Reyes demands judgment in his favor against Defendant Johnston Construction Company for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00) plus post-judgment interest, the costs of this action and such other and further relief as this Court deems appropriate.

Respectfully submitted,

_____
Jeffrey Fenster
The Law Office of Jeffrey Fenster, L.L.C
50 West Montgomery Avenue, Suite 335
Rockville, Maryland 20850
(301) 251-0333
Counsel for Plaintiff Edith Aracely Medrano Reyes

**JURY DEMAND**

The Plaintiff demands a trial by jury on all issues herein presented.

_____
Jeffrey Fenster